```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                **//**        **CRIMINAL ACTION NO. 1:17CR71-2**
                                        **(Judge Keeley)**

**YARAI FUENTES-QUINONES,**

        **DEFENDANT.**

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR CORRECTION OF
## JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]

Pending before the Court is a motion filed by the pro se defendant, Yarai Fuentes-Quinones ("Quinones"), which asks this Court to correct and clarify the criminal monetary penalty section of her judgment and commitment order ("J&C") (Dkt. No. 349 at 1). According to Quinones, the order of restitution in her J&C in the amount of $61,844.56, does not credit her for off sets paid.[1] Id. For the reasons that follow, the Court **DENIES** Quinones's Motion to Correct her J&C (Dkt. No. 349).

### I. BACKGROUND

On December 5, 2017, a grand jury indicted Quinones for conspiracy to commit access device fraud, in violation of 18 U.S.C.

---

[1] Specifically, Quinones requests this Court to correct her J&C pursuant to Federal Rule of Criminal Procedure 36, "to substitute and direct forfeiture, and forfeiture of the personal money judgment, and all funds paid" in accordance with the Federal Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP"), "from the amount of criminal monetary penalties (to wit: Restitution)" (Dkt. No. 349 at 2).

**USA v. QUINONES**                                              **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

§ 1029(b)(2), and access device fraud - use of unauthorized access device in violation of 18 U.S.C. §§ 1029(a)(2) and (c) (Dkt. No. 6). The Indictment also contained a forfeiture allegation seeking any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. Id. at 13.

On June 4, 2018, pursuant to a plea agreement, Quinones pleaded guilty to access device fraud (Dkt. No. 187). The plea agreement included a provision for direct forfeiture, a forfeiture personal money judgment, and forfeiture of substitute property toward satisfaction of the money judgment. Id. at 2. Pursuant to the plea agreement, Quinones waived "all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment." Id. at 4.

Additionally, Quinones waived all rights, pursuant to 18 U.S.C. § 3742, to appeal any order of restitution for any reason, "and any constitutional challenges to the calculation and imposition" to an "order of forfeiture, [or] order of restitution." Id. at 8.

2

**USA v. QUINONES**                                                    **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

Finally, Quinones's plea agreement included a provision by which the Government agreed "to seek permission from the United States Department of Justice to apply any payments made on the money judgment, any direct forfeitures, and any proceeds of the sale of any substitute assets seized and sold, toward satisfaction of the Order of Restitution...pursuant to a process called restoration"[2] (Dkt. No. 187 at ¶ 3).

On August 31, 2018, the Court entered a preliminary order of forfeiture for the following property:

- one magnetic stripe card reader-writer-encoder, Model MSR-605, serial number A514070300;
- one HP laptop computer, camouflage and black in color, serial number CND7213D2P;
- one HP laptop computer, silver and black in color, serial number CND6479RRF;
- one Acatel cell phone, model: 5044R IMEI# 014827002704245;
- one Acatel cell phone, model: 5044R IMEI# 014827002704203;
- one iPhone 7 plus cell phone, gold in color, model A1661;
- one iPhone 7 plus cell phone, pink in color, model A1661;
- one iPhone 7 plus cell phone, product red

---

[2] Restoration applies forfeited funds or properties towards compensation for victims by transferring the proceeds of forfeited property to the Clerk of the Court to be applied to the defendant's restitution obligation, which has the effect of reducing both the forfeiture money judgment and the restitution by like amounts (Dkt. No. 352 at 2-3, n.1)

3

Case 1:17-cr-00071-IMK-MJA Document 383 Filed 08/02/21 Page 4 of 15 PageID #: 1982

**USA v. QUINONES** 1:17CR71-2

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

- series, model A1661;
- one Samsung Galaxy S8+ cell phone, IMEI# 357725081986219; all seized in Huntington, West Virginia on or about October 23, 2017;
- approximately $1,510.73 remaining in TD Bank Account Number ending 5406;
- $620.00 in United States Currency seized in Allen Township, Pennsylvania, on September 13, 2017.

(Dkt. No. 214).[3] This Order also provided that the record made during the Rule 11 hearing established that the United States was entitled to the entry of a money judgment ordering the defendant to pay $15,000. Id. at 3.

On December 10, 2018, the Court sentenced Quinones to thirty-six (36) months of imprisonment, followed by three (3) years of supervised release (Dkt. No. 287). As part of the sentence, the Court ordered Quinones to pay restitution to various banks in the amount of $61,844.56, to be paid jointly and severally with her co-defendants.[4] Id. at 6. Quinones was ordered to make monthly

---

[3] Initially, the amount of administrative forfeiture was presumed to be $109,680, however, the Secret Service discovered that the Western Union money orders no longer had any value, therefore reducing the administrative value to $81,190 (Dkt. No. 303 at 43). This amount was further reduced on June 13, 2018, when the Secret Service paid Clear Mountain Bank $44,954.13, and decreased the administrative balance to $36,235.87. Id.

[4] The original restitution amount of $106,798.68, was reduced to $61,844.56 because of an administrative payout to Clear Mountain Bank (Dkt. Nos. 302 at 39, 352 at 6 n.3).

**USA v. QUINONES**                                                    **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

payments of $25.00 over a period of three (3) years commencing 30 days after her release from imprisonment. Id. at 7.

On December 12, 2018, the Court entered a J&C in Quinones's case, which memorialized the order of restitution of $61,844.56 and the entry of the personal money judgment of $15,000 (Dkt. No. 287). On December 17, 2018, the Court entered a final order of forfeiture for the same property listed in the preliminary order of forfeiture (Dkt. No. 291).

Recently, on July 1, 2021, the Government moved to clarify restitution in all five of the co-defendants' criminal cases (Dkt. No. 378).[5] Specifically, the Government wanted to ensure that all defendants were on notice that the restitution amount is to be paid jointly and severally (Dkt. No. 378-1). On July 2, 2021, this Court granted the Government's motion, and clarified that the restitution of $61,844.56, is to be paid jointly and severally by all the co-defendants (Dkt. No. 379).

## II. STANDARD OF REVIEW

The Court must liberally construe pro se pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291,

---

[5] Quinones's co-defendants are Meylan Montalvo Gomez, Naudi Reyes Fernandez, Yosan Pons Sosa, and Lazaro Serrano Diaz.

**USA v. QUINONES**                                              **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

1295 (4th Cir. 1978). A court may not, however, construct the plaintiff's legal arguments for her, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

As a preliminary matter, the Court notes that, pursuant to Quinones's plea agreement, she waived her right to challenge forfeiture.[6] See Dkt. No. 187 at 3, 4 ("The defendant further agrees to waive all constitutional and statutory challenges in any manner ... to any forfeiture carried out in accordance with this plea agreement on any grounds") (emphasis added); see also United States v. Boutcher, 998 F.3d 603 (4th Cir. 2021) (enforcing appellate waiver in plea agreement pertaining to forfeiture and restitution). Further, Quinones waived her right to appeal any

---

[6] When interpreting plea agreements, "we apply principles of 'contract law to ensure that each party receives the benefit of the bargain,' and look to the plain language of the agreement, construing it in the 'ordinary sense.'" Boutcher, 998 F.3d at 609 (quoting United States v. Davis, 714 F.3d 809, 814 (4th Cir. 2013)). "If the plea agreement is unambiguous as a matter of law, and there is no evidence of governmental overreaching, we should interpret and enforce the agreement accordingly." See Boutcher, 998 F.3d at 609 (citation omitted).

**USA v. QUINONES** 1:17CR71-2

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

order of restitution.[7] See Dkt. No. 187 5, 8. Nevertheless, Quinones's arguments are without merit.

Quinones contends that three aspects of her J&C should be corrected and clarified under Rule 36. First, she asserts that her personal money judgment of $15,000 should be applied to her amount of restitution, decreasing the overall amount from $61,844.56 to $46,844.56 (Dkt. No. 349). Second, Quinones claims that her participation in the IFRP was coerced by the BOP (Dkt. No. 360 at 3). Lastly, Quinones claims that she was unaware of any additional victims under the Preston Federal Credit Union claim ("PFCU"), arguing that the Government missed its allotted time to determine the amount of losses attributable to each victim. Id. In her reply, Quinones asks for relief in the alternative to stay adjudication until the restoration process is complete (Dkt. No. 360).

Quinones argues that Rule 36 of the Federal Rules of Criminal Procedure is the "proper avenue to correct the amount of restitution ordered by the Court" (Dkt. No. 349). See United States v. Powell, 266 F. App'x 263, 266 (4th Cir. 2008) (citing United States v. Ervasti, 201 F.3d 1029 (8th Cir. 2000)).

---

[7] Quinones was sufficiently refreshed on these waivers at her plea hearing and sentencing hearing, where she acknowledged them at both (Dkt. Nos. 302, 303).

**USA v. QUINONES**                                                         **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

In its response in opposition to Quinones motion, the Government contends that Quinones's "J&C does not contain any error, let alone a clerical error or an error arising from oversight or omission, to warrant a remedy pursuant to Rule 36" (Dkt. No. 352 at 6). The Government contends that the J&C correctly includes the order of restitution of $61,844.56, and correctly effectuates the entry of a personal money judgment of $15,000. Id.

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, a court "may at any time correct a clerical error in a judgment, order," or any other part of the record, "arising from oversight or omission." Fed. R. Crim. P. 36. A clerical error is an error resulting "from a minor mistake or inadvertence." *Error*, Black's Law Dictionary (11th ed. 2019). A clerical error "[subject to correction under Rule 36] must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Scott, 478 F. App'x 789, 790 (4th Cir. 2012) (citing United States v. Burd, 86 F.3d 285, 288 (2d. Cir. 1996)). However, "such an error may not be a judicial or substantive error but must be purely clerical." United States v. Powell, 266 F. App'x 263, 266 (4th Cir. 2008).

8

**USA v. QUINONES**                                                        **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

Quinones's argument is flawed because her J&C does not contain a clerical error contemplated by Rule 36, but instead accurately describes the restitution amount of $61,844.56, and effectuates the entry of a personal money judgment of $15,000, as agreed in Quinones's plea. Both of these sums are legally and factually correct, and no clerical error has occurred.

It appears that Quinones's arguments are substantive legal ones that do not concern clerical errors. The Court, however, is limited by Rule 36, which does not contemplate correction of substantive errors. Further, a sentence of restitution is a final judgment and may only be modified by the Court in certain enumerated circumstances, none of which are present here. 18 U.S.C. § 3664(o).

**A.   Personal Money Judgment**

First, Quinones argues that the $15,000 Personal Money Judgment ("PMJ") should have been subtracted from the $61,844.56 order of restitution (Dkt. Nos. 349, 360). Specifically, Quinones alleges that "the off-set amount of $15,000, which constitutes the forfeiture proceeds, should have been deducted from the total amount of restitution owed and not specifically stipulated in the J&C order for use by the BOP" (Dkt. No. 360 at 2).

**USA v. QUINONES**  1:17CR71-2

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

However, forfeiture and restitution serve distinct goals, and "the defendant generally has no right or entitlement to use forfeited funds to satisfy additional restitution obligations."[8] 18 U.S.C. §§ 981(a)(1), 3663A; see United States v. Alalade, 204 F.3d 536, 540-41 (4th Cir. 2000) (holding that proceeds from administrative forfeiture are not to be deducted from the amount due in restitution). "Forfeiture is mandatory even when restitution is...imposed. These two aspects of a defendant's sentence serve distinct purposes: restitution functions to compensate the victim, whereas forfeiture acts to punish the wrongdoer." United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014).

Because restitution and forfeiture serve distinct goals, this Court is not required to reduce the amount of Quinones's restitution based on her personal money judgment forfeiture. Moreover, a sentence of restitution is final and Quinones has not articulated a legal basis for modification. Therefore, Quinones's argument is without merit.

---

[8] Orders of restitution and forfeiture in criminal cases constitute part of the defendant's sentence. United States v. Boutcher, 998 F.3d 603, n3 (4th Cir. 2021); See United States v. McLeod, 972 F.3d 637, 640 (4th Cir. 2020) (regarding restitution); United States v. Martin, 662 F.3d 301, 306 (4th Cir. 2011) (regarding forfeiture).

**USA v. QUINONES**                                          **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

**B.    Participation in IFRP**

Next, Quinones argues that she was coerced into participating in the Inmate Financial Responsibility Program (Dkt. No. 360 at 3). Thus, she asserts that the determination of her electing to pay $25 dollars a month to be applied to her total restitution amount is incorrect. Id.

The Government contends that Quinones elected to enter an agreement with the BOP to permit these quarterly withdrawals of $25.00 from her inmate account, to be applied to her restitution obligation (Dkt. No. 352 at 7).

The IFRP program was enacted in order to assist inmates "to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities." Id. Further, court-ordered restitution falls under inmate financial obligations. 28 C.F.R. § 545.11(a)(2). "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Cupp v. Reed, Civil Action No. 2:08cv62, 2009 WL 277554 at *2 (N.D. W. Va. Feb. 5, 2009) (quoting Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990)).

11

**USA v. QUINONES**                                                   **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

Additionally, even though an inmate's failure to comply with the IFRP can have negative consequences, "compelled participation in the program is neither punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. Cupp, 2009 WL 277554 at *2 (citing Johnpoll, 898 F.3d at 851). Thus, the IFRP has been "uniformly upheld against constitutional attack." McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999).

On May 28, 2020 Quinones signed an inmate financial plan and accepted the IFRP program, which put her on notice that the payments will be counted towards the amount owed in restitution (Dkt. No. 352-2,3). Therefore, Quinones's claim that she was compelled to engage in the IFRP is without merit.

**C.   Additional Victim Claim**

Lastly, Quinones argues that she was unaware of any additional victims under the Preston Federal Credit Union claim ("PFCU"), arguing that the Government missed its allotted time pursuant to 18 U.S.C. § 3664(d)(5) to determine the amount of losses attributable to each victim (Dkt. No. 360 at 3).

In support, Quinones cites Dolan v. United States, 560 U.S. 605 (2010), arguing that the Supreme Court of the United States

**USA v. QUINONES**                                                                      **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

determined that "the district court retains the power to order restitution where it made clear prior to the [§]3664(d)(5) deadline that it would order restitution and left open only the amount" (Dkt. No. 360 at 5). Quinones argues that her case is different from Dolan because the Government included an additional (10th) victim, not an additional pecuniary loss. Id. Quinones asserts that, under Dolan, the Supreme Court permitted only a "fill-in-the-blank method for dollar amounts and not additional victims" regarding the amount of restitution. Id.

This argument is flawed. In Dolan, the Supreme Court ultimately held that a sentencing court retains the power to order restitution even if it misses the 90-day deadline. See Dolan, 560 U.S. at 620-21. In support of allowing additional time for victims to seek additional restitution, the Supreme Court examined the plain language of the statute together with the statute's substantive purpose.[9] Id. at 612-13. Importantly, the "statute seeks to primarily ensure that victims of a crime receive full restitution." Id.

Although the United States Court of Appeals for the Fourth

---

[9] See Dolan, 560 U.S. 605 for further discussion of the importance of allowing additional restitution past the 90-day deadline.

13

**USA v. QUINONES**                                                    **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CORRECTION OF
JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

Circuit has not addressed this issue, the Second Circuit, in United States v. Dupre, 296 F. App'x 113 (2d Cir. 2008), concluded that upon motion from the Government, courts are permitted to add additional victims past the 90-day period for calculation of restitution.[10] In June 2019, while this matter was on appeal, PFCU contacted the United States Attorney's Office ("USAO"), reporting that one of its customers reported fraudulent charges on his debit card connected with this offense (Dkt. No. 352 at 3). At the inception of this offense, PFCU was never given notice by the U.S. Secret Service ("USSS"), thus PFCU did not file an administrative claim. Id. at 4. On October 21, 2020, the USAO received verification from the USSS stating that the U.S. Treasury had approved the PFCU claim. Id. at 5. Therefore, Quinones's argument to exclude an additional victim added after the 90-day period is without merit.

**D.   Request to Stay Adjudication Pending Restoration**

In the alternative, Quinones requests that this Court stay

---

[10] Additionally, other district courts have permitted additional victims to be added to the restitution claim. See e.g., United States v. Pizzolato, 2013 WL 950522 at *1 (E.D. La. Mar. 11, 2013); United States v. Patel, 2009 WL 3232792 at *2-3 (W.D. La. Sept. 30, 2009); United States v. Snyder, 2008 WL 5236027, at *1-2 (D. Md. Dec. 12, 2008).

**USA v. QUINONES**                                                                 **1:17CR71-2**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR CORRECTION OF**
**JUDGMENT AND COMMITMENT ORDER UNDER RULE 36 [DKT. NO. 349]**

adjudication of this pending Rule 36 motion until the Government's restoration process is complete (Dkt. No. 360 at 9). However, any stay will not affect the amount of restitution and forfeiture because these issues have already been adjudicated.

### IV. CONCLUSION

For the reasons discussed, this Court **DENIES** Quinones's Motion to Correct Judgment and Commitment Order pursuant to Rule 36 of Federal Rules of Criminal Procedure (Dkt. No. 349).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to Quinones, via certified mail, return-receipt-requested, and to counsel of record and all appropriate agencies by electronic means.

DATED: August 2, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE